UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

Kelly E. Coughlin,

                Plaintiff,           **MEMORANDUM & ORDER**

   - against -             No. 21-cv-2252 (KAM)

Martin O'Malley,

                Defendant.

-----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

      Kelly Coughlin appeals the final decision of the
Commissioner of the Social Security Administration,[1] denying her
Disability Insurance Benefits ("DIB") and Supplemental Security
Income ("SSI") under the Social Security Act, 42 U.S.C. §§ 301-
1397mm.  (ECF No. 1, Compl.)  The parties have cross-moved for
judgment on the pleadings.[2]  (ECF No. 17, Pl.'s Notice of Mot. &
Mot. J. Pleadings ("Pl.'s Mot."); ECF No. 18, Mem. Supp. Def.'s
Cross-Mot. J. Pleadings ("Comm'r's Mot.").)  For the reasons

---

[1] The Court has updated the caption to reflect the new Commissioner of Social
Security, who took office after Coughlin commenced this action.  *See*
Fed. R. Civ. P. 25(d); *Pryor v. Berryhill*, 286 F. Supp. 3d 471 n.1 (E.D.N.Y.
2017).

[2] Social security appeals are generally resolved on motions for judgment on
the pleadings.  This is because judicial review of social security decisions
is limited to "the pleadings and transcript of the record," *see* 42 U.S.C.
§ 405(g); *Kercado ex rel. J.T. v. Astrue*, No. 08-cv-478 (GWG), 2008 WL
5093381, at *2 (S.D.N.Y. Dec. 3, 2008), and the Commissioner's "answer may be
limited to a certified copy of the administrative record," *see*
Fed. R. Civ. P. Suppl. Soc. Sec. R. 4(b), as it was here, (*see* ECF No. 16,
Admin. Tr.)

below, the Court denies Coughlin's motion and grants the Commissioner's motion.

## BACKGROUND

The parties have filed a joint statement of relevant facts, which the Court has reviewed and incorporates by reference. (*See* ECF No. 19, Joint Statement of Facts.)

Coughlin applied for DIB on April 20, 2018, and SSI on November 30, 2018, alleging disability since January 19, 2016. (R.10.)[3]  The Commissioner denied her claims on October 1, 2018. (*Id.*)  Coughlin then requested a hearing before an Administrative Law Judge ("ALJ"),[4] which occurred on March 3, 2020.  (*Id.*)

## I.    Medical Evidence

Coughlin submitted medical records that the ALJ received into evidence at the hearing.  (R.38.)  The ALJ also considered medical opinions from evaluating psychiatrist William Kaplan, M.D., consultative examiners Syeda Asad, M.D., and Kathleen Acer, Ph.D., and state agency medical consultants.[5]  (R.16–18.)

---

[3] The Court cites to the Bates-stamped Administrative Transcript, (ECF No. 16), as (R.__.)

[4] The Social Security Act directs the Commissioner to make findings of fact and determine the rights of anyone who submits a claim for DIB or SSI. 42 U.S.C. §§ 405(b)(1), 1383(c)(1)(A).  The Commissioner has delegated that responsibility to ALJs.  *See* 20 C.F.R. §§ 404.944-404.961, 416.1444-416.1461. If an ALJ issues an adverse decision, the claimant may appeal it to the Social Security Appeals Council.  20 C.F.R. §§ 404.967-404.982, 416.1467-416.1482.

[5] The Social Security Administration works with state governments to maintain disability claims processing systems.  20 C.F.R. §§ 404.1603, 416.1003. State agencies generally make the initial "determinations of disability with respect to all persons in the State."  20 C.F.R. §§ 404.1613, 416.1013.

Coughlin's medical records showed that she was hospitalized in February 2016 after blogging about suicide. (R.354.) She was diagnosed with major depressive disorder, generalized anxiety disorder, and alcohol use disorder. (*Id.*) She was discharged after two days, at which point she denied suicidal ideation, anxiety, mania, psychosis, or depression. (R.356.)

A few months later, at her employer's request, Coughlin underwent a psychiatric functional assessment conducted by Dr. Kaplan. (R.318.) Dr. Kaplan opined that Coughlin was incapable of meeting the demands of her work as a purchasing agent for a public school district. (*Id.*) He noted Coughlin suffered severe personal tragedy that included the loss of two children, had long struggled with major depressive disorder and alcohol abuse, and made a "serious suicide attempt" in October 2015 that required hospitalization. (R.327–28.) He further noted that psychotherapy and psychotropic medications had "not proven beneficial enough to allow [Coughlin] to return to work or even to maintain routine activities of daily living." (R.329.)

As part of her application for DIB, Coughlin underwent a physical examination by Dr. Asad and a mental health examination by Dr. Acer. Dr. Asad opined that Coughlin had no physical limitations. (R.385.) Dr. Acer opined that Coughlin had no more than "moderate" limitations in any relevant area of mental

functioning.  (R.379.)  The state agency non-examining consultant who reviewed Coughlin's physical health records concurred with Dr. Asad that Coughlin had no exertional or non-exertional physical limitations.  (R.69.)  The consultant who reviewed Coughlin's mental health records concurred with Dr. Acer that Coughlin had no more than moderate mental health limitations.  (R.67.)

The hearing before the ALJ included testimony from Coughlin and a vocational expert.  Coughlin, who appeared with counsel, testified that she was forty-seven years old on the alleged onset date of her disability, had attained an associate's degree, and had worked as a purchasing agent for a public school district from 2005 until she was "let go" in 2017.  (R.39, 41–43.)  She had obtained several jobs since then but could not keep any of them.  (R.45.)  Coughlin further testified that she could not work due to severe depression, anxiety, and general struggles with day-to-day functioning.  (R.44.)  She testified that therapy and medication did not help.  (*Id.*)

The ALJ asked the vocational expert to assume a hypothetical person with Coughlin's age, education, and work experience who could work at all physical exertional levels but could tolerate only limited interaction with coworkers and supervisors and could never deal with the public.  (R.49.)  The ALJ elaborated that the hypothetical person could only

4

occasionally deal with changes in a routine work setting and could not do work requiring a specific production rate.  (*Id.*) The vocational expert testified that this person could not do Coughlin's past work as a purchasing agent but could perform other jobs existing in significant numbers in the national economy, including working as a janitor, machine operator, or warehouse worker.  (R.49–50.)  The vocational expert further testified that this person could not perform such jobs if he or she would be absent from work at least two days per month or off-task at least ten percent of the workday.  (R.50–51.)

## II.  The ALJ's Decision

The ALJ issued a written decision finding Coughlin not disabled and thus not entitled to DIB or SSI.  (R.20–21.)  The ALJ determined that Coughlin had not engaged in substantial gainful activity since she applied for DIB and SSI and that she had several medically determinable impairments that significantly limited her ability to perform basic work activities, including degenerative disc disease of the cervical spine, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and panic disorder.  (R.12.) The ALJ also found that Coughlin did not have an impairment or combination of impairments that would automatically qualify her as disabled under the applicable regulations regardless of her age, education, or work experience.  (R.13–14); *see* 20 C.F.R.

§§ 404.1525, 416.925; 20 C.F.R. Part 404, Subpart P, App'x 1, Listings 12.04, 12.06.

Next, the ALJ determined that Coughlin had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels; however, he included certain non-exertional limitations.  (R.14.)  Specifically, the ALJ determined that Coughlin could only occasionally interact with supervisors and coworkers and could never interact with the public.  (*Id.*)  Additionally, the ALJ determined that Coughlin could only occasionally deal with changes in a routine work setting and could not perform work requiring a specific production rate, such as assembly line work.  (*Id.*)

In support of his RFC determination, the ALJ explained that although Coughlin's impairments could reasonably be expected to cause her alleged symptoms, Coughlin's testimony concerning the intensity, persistence, and limiting effects of those symptoms was "not entirely consistent with the medical evidence and other evidence in the record."  (R.15.)  The ALJ relied on the medical opinions in the record, finding Dr. Asad's, Dr. Acer's, and the non-examining state agency consultants' opinions "somewhat persuasive."  (R.16–18.)  On the other hand, he found Dr. Kaplan's opinion "of limited persuasiveness" because it was inconsistent with evidence that Coughlin sought only intermittent therapy and medication for her mental impairments.

(R.17.)

Based on Coughlin's age, education, work experience, and RFC, the ALJ concluded Coughlin was unable to perform her past relevant work as a purchasing agent but was able to perform other jobs that existed in significant numbers in the national economy.  (R.18-20.)  Specifically, the ALJ concluded that Coughlin could perform the janitor or warehouse worker jobs that the vocational expert discussed at the hearing.  (R.19-20.)  He declined to find that Coughlin could perform the machine operator job because its demands exceeded Coughlin's RFC.  (R.20.)  Because Coughlin was capable of performing the other two jobs, however, the ALJ determined that she was not disabled and thus not entitled to DIB or SSI.  (*Id.*)

The Appeals Council notified Coughlin by letter dated February 23, 2021, that it found no basis to change that ruling, which rendered the ALJ's decision the Commissioner's final decision.  (R.1); *see* 20 C.F.R. §§ 404.981, 416.1481.  On April 23, 2021, Coughlin timely commenced this action against the Commissioner for judicial review of the Commissioner's final decision.  (*See* Compl.)

## LEGAL STANDARD

To receive DIB or SSI, a claimant must be "disabled" under the Social Security Act.  42 U.S.C. §§ 423(a), 1382(a).  The claimant is "disabled" when he or she is unable to "engage in

7

any substantial gainful activity" due to a "medically determinable physical or mental impairment" that could be expected to result in death or has lasted for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).[6]  The impairment must be of "such severity" that the claimant cannot do his or her previous work or any other substantial gainful work that "exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  In determining whether the claimant is disabled, the Commissioner must consider (1) the objective medical facts in the record; (2) diagnoses or medical opinions based on those facts; (3) subjective evidence of pain or disability; and (4) the claimant's education, age, and work experience.  *Duran v. Comm'r of Soc. Sec.*, 618 F. Supp. 3d 94, 97 (E.D.N.Y. 2022).

The Commissioner's regulations prescribe a five-step process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Commissioner determines whether (1) the claimant is working, (2) the claimant has a "severe impairment," (3) the impairment is one that requires a determination of disability under the applicable regulations, (4) the claimant can continue his or her prior work, and

---

[6] The provisions of the Social Security Act governing DIB and SSI use the same standards to determine disability.  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Thus, cases addressing disability as to one form of benefits are equally instructive as to the other.  *Santoro v. Comm'r of Soc. Sec.*, No. 21-cv-2044 (KAM), 2023 WL 8177365, at *4 n.5 (E.D.N.Y. Nov. 27, 2023).

(5) other work exists in the national economy that the claimant can perform.  *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008).  To determine whether the claimant can do prior work or other work at the fourth or fifth steps, the Commissioner compares such work against the claimant's RFC.  20 C.F.R. §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).  RFC is "the most [the claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The claimant has the burden of proof at the first four steps, and the Commissioner has the burden of proof at the fifth.  *Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022). Because a hearing on disability benefits is an inquisitorial rather than adversarial proceeding, however, the ALJ has an affirmative obligation to develop the administrative record. *Hernandez v. Comm'r of Soc. Sec.*, No. 21-cv-5405 (WFK), 2023 WL 4209622, at *3 (E.D.N.Y. June 27, 2023).

If the Commissioner denies benefits, the claimant may seek judicial review of that decision by commencing a civil action in a federal district court.  42 U.S.C. §§ 405(g) (governing judicial review of DIB decisions), 1383(c)(3) (incorporating Section 405(g) as to SSI).  The court may set aside the Commissioner's decision only if the Commissioner's factual findings are not supported by substantial evidence or the Commissioner's decision was based on a legal error.  *Duran*,

618 F. Supp. 3d at 98. "Substantial" evidence means enough to reasonably support the Commissioner's decision. *Id.* Inquiry into "legal error" involves considering whether the claimant had a "full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Id.* (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).

After reviewing the Commissioner's decision, the court may remand the case to the Commissioner for further proceedings. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the administrative record or where the ALJ applied the wrong legal standard. *Oteze Fowlkes v. Adamec*, 432 F.3d 90, 98 (2d Cir. 2005). Remand is especially appropriate if more findings would clarify the rationale for the ALJ's decision. *Duran*, 618 F. Supp. 3d at 99. If the record shows persuasive proof of disability, however, the court may simply reverse the ALJ's decision and remand the case with an instruction to calculate and pay benefits. *Id.*

## DISCUSSION

Coughlin urges the Court to vacate the Commissioner's decision on the grounds that the ALJ (1) legally erred regarding whether Coughlin's impairments rendered her disabled under the applicable regulations regardless of age, education, or work experience and (2) failed to support his RFC determination with

10

substantial evidence.  (Pl.'s Mot. 1.)  The Court disagrees and concludes that there is no reversible legal error and that the ALJ supported his RFC finding with substantial evidence.

## I.   The Listings

The Social Security Administration's regulations deem certain impairments severe enough to render a claimant disabled regardless of the claimant's age, education, or work experience. 20 C.F.R. §§ 404.1525, 416.925.  These impairments are listed in Appendix 1 to Subpart P of the DIB regulations, sometimes referred to as "the listings."  *See* 20 C.F.R. Part 404, Subpart P, App'x 1.  At the third step of the Commissioner's five-step disability determination process, the Commissioner must decide whether each of the claimant's severe impairments meets the criteria set forth in the applicable listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Coughlin argues the ALJ erred by failing to address the applicable listing for post-traumatic stress disorder despite finding that Coughlin suffered from that severe impairment.  (Pl.'s Mot. 10–12.)

The Court agrees that the ALJ technically erred by not explicitly discussing the applicable listing for post-traumatic stress disorder.  Post-traumatic stress disorder used to be evaluated under Listing 12.06 (anxiety and obsessive-compulsive disorders) but is now evaluated under Listing 12.15 (trauma- and

stressor-related disorders), which was created by regulations that went into effect in 2017 and thus apply to Coughlin's 2018 claims.  *See* 81 FR 66138-01, 2016 WL 5341732, at *66159 (Sept. 26, 2016).  Here, the ALJ discussed Listings 12.04 and 12.06 but not Listing 12.15.  (*See* R.13.)  Because the Commissioner is supposed to address whether *each* of the claimant's severe impairments meets the relevant criteria in the listings, the ALJ should have mentioned Listing 12.15.

Regardless, the oversight was harmless.  A district court should not reverse an ALJ for failing to discuss an applicable listing if the ALJ explicitly found one of its necessary criteria unsatisfied when addressing a different listing.  *See Valentin v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 203, 208 (E.D.N.Y. 2019).  Here, Listings 12.04, 12.06, and 12.15 follow the same format, each setting forth three "paragraphs" of criteria.  *See* 20 C.F.R. Part 404, Subpart P, App'x 1, Listings 12.04, 12.06, 12.15.  To satisfy any of Listings 12.04, 12.06, or 12.15, the claimant's impairments must meet the criteria in Paragraph A of that listing as well as the criteria in either Paragraph B or C.  *See id.*  Paragraph A requires medical documentation of certain symptoms, Paragraph B requires evidence of one "extreme" limitation or two "marked" limitations across four areas of mental functioning, and Paragraph C requires evidence that the mental disorder is "serious and persistent."

*See id.*  For a mental disorder to be "serious and persistent," the claimant must experience only "marginal adjustment," meaning "minimal capacity to adapt to changes in [one's] environment or to demands that are not already part of [one's] daily life." *See id.*  Though Paragraph A differs between the three listings, Paragraphs B and C are the same.  *See id.*

In concluding that Coughlin's impairments did not meet the criteria set forth in Listings 12.04 or 12.06, the ALJ explicitly found "the 'paragraph B' criteria [were] not satisfied" because Coughlin's "mental impairments [did] not cause at least two 'marked' limitations or one 'extreme' limitation."  (R.13–14.)  The ALJ also found that the "record [did] not establish that [Coughlin] ha[d] only marginal adjustment," so "the evidence fail[ed] to establish the presence of the 'paragraph C' criteria."  (R.14)  Because either the Paragraph B or Paragraph C criteria must be met to satisfy Listing 12.15, the ALJ's findings logically foreclosed a conclusion that Coughlin's impairments satisfied Listing 12.15. *See Wayne P. v. Kijakazi*, No. 22-cv-643 (ATB), 2023 WL 3949877, at *5 (N.D.N.Y. June 12, 2023) (concluding error in failing to discuss Listing 12.15 was harmless where ALJ "implicitly determined that plaintiff's impairments did not meet the criteria for listing 12.15" by finding plaintiff's impairments "did not meet the criteria for listings 12.04 and 12.06").

13

Coughlin does not argue that the ALJ's findings regarding the Paragraph B or C criteria were incorrect.  Thus, the ALJ's technical error in failing to explicitly mention Listing 12.15 did not affect the result of his disability determination and cannot support vacating his decision.

## II.  Substantial Evidence

Coughlin next contends that the ALJ failed to support his RFC determination with substantial evidence.  (Pl.'s Mot. 7.) Specifically, Coughlin disputes that her mental RFC permitted her to "occasionally deal with supervisors and coworkers."  (*Id.* 8.)  The Court disagrees.  The substantial evidence standard is "not high."  *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022)). "Substantial" evidence means only "more than a mere scintilla." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).  An ALJ's finding is considered supported by substantial evidence if any reasonable factfinder could have made the same finding, even if substantial evidence also supports the claimant's position. *Powell v. Saul*, No. 19-cv-2983 (KAM), 2021 WL 878771, at *4–5 (E.D.N.Y. Mar. 9, 2021).

Here, a reasonable factfinder could have determined that Coughlin's mental RFC allowed her to occasionally interact with supervisors or coworkers.  The ALJ properly relied on the

14

medical opinion of Dr. Acer, who examined Coughlin and opined that she suffered no more than "moderate" limitations in any relevant area of mental functioning, including "interacting adequately with others." (*See* R.17–18, 377–80.)  The ALJ found Dr. Acer's opinion supported by relevant medical evidence and consistent with other evidence in the record, which showed Coughlin only intermittently sought therapy and medication for her conditions.  (*See* R.18.)  Dr. Acer's opinion was bolstered by the state agency consultant who reviewed Coughlin's medical file and similarly opined that Coughlin had no more than a "moderate" limitation in any functional area.  (*See id.*)  This record permitted the ALJ to determine Coughlin could tolerate at least some interaction with colleagues at work.  Coughlin's argument that the ALJ's finding of "moderate" limitations contradicted his RFC determination permitting some interaction with supervisors and coworkers, (*see* Pl.'s Mot. 8), disregards how the Second Circuit views "moderate" mental health limitations, *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (finding no error where ALJ found claimant capable of work despite "moderate" difficulties in social functioning); *Rivas v. Berryhill*, No. 17-cv-5143 (ALC), 2018 WL 4666076, at *15 (S.D.N.Y. Sept. 27, 2018) (finding ALJ's determination that plaintiff could "occasionally interact with supervisors [and] coworkers" supported by substantial evidence where ALJ relied on

15

consultative examiner opinion and state agency medical record review indicating plaintiff had "moderate" limitations in her ability to interact with others).

The Court also respectfully rejects Coughlin's suggestion that the ALJ's finding that Coughlin could "never" interact with the public undermined his finding that she could "occasionally" interact with supervisors and coworkers.  (*See* Pl.'s Mot. 9–10.) The ALJ's finding that Coughlin had at most "moderate" limitations in interacting with the public *could have* supported an RFC that *did* permit occasional interaction with the public. *See Wells v. Comm'r of Soc. Sec.*, 625 F. Supp. 3d 80, 88 (S.D.N.Y. 2022).  The ALJ did not err by applying caution and making Coughlin's RFC more restrictive, even if he did not "explain exactly what evidence support[ed] his findings regarding interactions with each specific group of people."  *See Maria C.T. v. Comm'r of Soc. Sec.*, No. 20-cv-1521 (DEP), 2022 WL 2904367, at *9–10 (N.D.N.Y. July 22, 2022) (finding no reversible error where ALJ "did not explain why she determined" plaintiff could "interact with supervisors more often than coworkers, and with coworkers more often than with the public"). The ALJ was entitled to formulate Coughlin's RFC in the context of the entire record and was not required to conform the RFC to any one specific medical opinion.  *See Garcia v. Saul*, 479 F. Supp. 3d 53, 64 (S.D.N.Y. 2020) (rejecting argument that

16

"ALJ was internally inconsistent in establishing [plaintiff's] RFC because the ALJ permitted some interaction with co-workers and supervisors but no interaction whatsoever with the public" despite consultative examiner opining plaintiff had "serious limitations in all three of those activities").

The rest of Coughlin's substantial evidence argument amounts to citing material that might have comprised substantial evidence supporting a more restrictive RFC.  (Pl.'s Mot. 9.) These points ignore the deference federal courts must apply when reviewing ALJ decisions.  The "relevant question" is not whether substantial evidence supports the claimant's position but whether "substantial evidence supports *the ALJ's decision*." *Wider v. Colvin*, 245 F. Supp. 3d 381, 386 (E.D.N.Y. 2017) (quoting *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)). With respect to Dr. Kaplan's opinion that it was "unlikely" Coughlin could "return to work," (Pl.'s Mot. 9 (citing R.329)), the ALJ was "free to . . . choose between properly submitted medical opinions," *see Frias v. Comm'r of Soc. Sec.*, 225 F. Supp. 3d 125, 135 (E.D.N.Y. 2016) (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)), and find more persuasive those concluding that Coughlin could perform some jobs.  Moreover, that statement in Dr. Kaplan's opinion concerns only whether Coughlin could return to her former job at her school district, not whether she could perform *any* job.  (*See* R.329 (opining

Coughlin could not "handle the degree of pressure that [was] a component of her position within the school district").)  The ALJ appropriately reconciled the various components of the record and supported his RFC determination with substantial evidence.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court denies Coughlin's Motion for Judgment on the Pleadings and grants the Commissioner's Cross-Motion for Judgment on the Pleadings.

The Clerk of Court is respectfully requested to amend the caption to reflect that Martin O'Malley is now the Commissioner, enter judgment for the Commissioner, and close this case.

**SO ORDERED.**

Dated:      February 28, 2024
            Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York